[No. 2232. Decided June 8, 1896.]

HENRY CARSTENS *et al., Appellants,* v. STETSON & POST MILL COMPANY, *Respondent.*

EVIDENCE — ADMISSIBILITY OF STENCIL PLATES TO SHOW LUMBER MARKINGS — INSTRUCTIONS.

In an action against a lumber company for damages for not furnishing a purchaser the grade of lumber he had contracted for, it is not error to permit defendant to introduce in evidence the stencil plates used in marking the lumber when the plaintiff had already introduced testimony as to the marking of the lumber.

Where instructions are given a jury sufficient to enable them to correctly determine the questions which the evidence in the cause tends to prove or disprove, it is not prejudicial error if any of the instructions given should not be strictly applicable to the material questions involved.

Where instructions given embody all the law necessary for the determination of the material facts in the case, it is not error to refuse requested instructions, even if they correctly state the law applicable to the questions to be decided by the jury.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge.    Affirmed.

*Kiefer & Balliet,* for appellants.

*John Wiley,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—The plaintiffs alleged in their complaint that they had purchased of the defendant two carloads of cedar and spruce siding to be sold in the eastern market, that such purchase had been according to grade, that much of the siding did not come up to the grade for which it was sold; that on account of much of the lumber falling below the grade in which it had been classed by the terms of the sale, they had been greatly damaged.

Defendant by its answer put in issue the material allegations of the complaint and sought to recover by way of counterclaim the balance claimed to be due upon the purchase price of the lumber. Upon this counterclaim no question of fact or law was raised in the court below, and nothing need be said in reference to it here. The jury found in favor of the defendant upon the issues raised upon the plaintiffs' complaint, and appellants seek to reverse the judgment rendered upon such verdict for two reasons. First, the alleged error of the court in admitting in evidence certain

stencil plates used in marking the lumber, and second, for the giving of erroneous instructions to the jury, and the refusing to give proper instructions requested by the plaintiffs.

As to the first: At the time these stencil plates were offered in evidence by the defendant, testimony had been introduced by the plaintiffs as to the marking of this lumber, and the plates themselves were only evidence of a more satisfactory nature tending to establish facts as to which the plaintiffs had introduced proofs, and for that reason, if for no other, the court committed no error in allowing the plates to be put in evidence.

Under the assignment of error growing out of the action of the court in instructing and refusing to instruct the jury, there are several specifications, but no good purpose will be subserved by discussing each of them separately. There were but two principal facts which the jury were called upon to decide. One was as to whether or not there had been such inspection, or opportunity to inspect the lumber purchased by the plaintiffs, as to excuse the defendant from any responsibility as to its grades. The other was as to the grades of which the defendant represented the lumber to consist, and as to whether or not it came up to the grades into which it was classed at the time it was sold. The only fault found with the instruction of the court relating to the first question was that it applied generally to the lumber embraced in both carloads, and it was claimed that this was error for the reason that there was no evidence tending to show that there had been an inspection or opportunity to inspect more than one of them. But from an examination of the transcript we are unable to see that there was evidence upon that question tending to show an inspection or

opportunity to inspect one carload, which did not equally apply to the other. Upon the other question the evidence (excluding that which went exclusively to the question of damages) was material only as it tended to prove or disprove the allegation of the plaintiffs that the lumber was not up to the grades for which it was sold, hence the plaintiffs were not injured if the jury were given instructions under which they could correctly determine the question which such evidence tended to prove or disprove.

A careful examination of the instructions satisfies us that correct principles were laid down for the determination of the question involved, and that the jury could not have been misled as to its determination by the instructions, if any, which were not strictly applicable to the material questions to be determined. It follows that the assignment of error founded upon the instructions given to the jury is without merit, and for the reason that such instructions embodied all the law necessary for the determination of the material facts in the case, it was not error to refuse the instructions requested by the plaintiffs, even if they correctly stated the law applicable to the questions to be decided by the jury.

No theory can be advanced upon which the jury could have come to the conclusion they did except that they believed the testimony offered on the part of the defendant as to the grades under which the lumber was sold, and discredited that of the plaintiffs upon the same subject, and the instructions having been such that thereunder they could intelligently pass upon the questions involved in the determination of the effect of the evidence upon that question, offered by the respective parties, the plaintiffs were not injured, even if some of the instructions which were

given might have misled the jury under a different state of facts.

We are not satisfied that any error was committed by the trial court, and, if there was technical error, we are satisfied that it was not such as prejudiced the rights of the plaintiffs.

Judgment affirmed.

SCOTT, DUNBAR, ANDERS and GORDON, JJ., concur.